# ILLINOIS STATE BOARD OF EDUCATION
# IMPARTIAL DUE PROCESS HEARING

DW,

    Student,

.

Mahomet-Seymour CUSD 3,

    School District.

Case No: 2020-DP-0081

Janet K. Maxwell-Wickett,
Impartial Hearing Officer

## ORDER OF DISMISSAL

## BACKGROUND

On November 11, 2019, Parents filed a due process hearing request alleging that the October 30, 2019 IEP failed to provide the Student with a free and appropriate public education (FAPE) and failed to provide an appropriate educational placement for the Student. Parents further allege violations of Section 504 of the Rehabilitation Act including discrimination and retaliation claims. (See Parents' DPCN.) On November 22, 2019, the District filed its response to same. (See District's Response.)

On February 27, 2020, this Hearing Officer convened what was previously scheduled to be the Prehearing Conference in this matter. District counsel and Parents' counsel were both present and participated in the call. After extensive discussion with both parties, it became apparent that Parents take issue with the Student's current placement. Said "placement" is a result of IHO Strusz's Final Determination & Order

entered March 22, 2019 which resulted from an expedited hearing request filed by the District. (See IHO Strusz's Order dated March 22, 2019.)

Based upon the above, the parties agreed to the following: Parents were provided with the opportunity to file an Amended Due Process Complaint Notice; the District was provided an opportunity to file a Motion to Dismiss; Parents were provided an opportunity to file a Response to the Motion to Dismiss. After which, this Hearing Officer would issue a written determination with respect to the Motion to Dismiss.[1] (See IHO Status Call Order dated February 27, 2020.)

Parents Amended DPCN, the District Motion to Dismiss and Parents' Response thereto were all timely filed per this Hearing Officer's February 27, 2020 Status Call Order.

## ISSUE

The issue to be determined is as follows: Whether this Hearing Officer has jurisdiction to re-visit the Student's educational placement determination after same was determined by a prior Hearing Officer after the conclusion of an expedited hearing and when said determination is currently on appeal before the United States District Court for the Central District of Illinois.

## FINDINGS OF FACT

1. The Student has not attended school since January 24, 2019. (Parents' DPCN; District Motion to Dismiss.)

---

[1] This Hearing Officer was scheduled to render her decision on the Motion to Dismiss by 11:59 p.m. on March 19th. However, based upon the unexpected volume of information received from the parties, additional time for careful consideration of same was required.

2. On November 11, 2019 Parents, through counsel, filed a due process complaint notice. Said DPCN alleges eight separate claims related to the Student's educational placement and services for the 2019-2020 school year. (See Parents' DPCN.)

3. Previously, on March 22, 2019, IHO Strusz entered a Final Determination & Order, at the conclusion of an expedited hearing involving the same parties, under case number 2019-DP-0199. (See IHO Strusz's Final Determination & Order dated March 22, 2019.)

4. IHO Strusz's Order granted the District's request for a 45-day interim alternative educational placement for the Student on the basis that he was substantially likely to injure himself or others at school. (See IHO Strusz's Final Determination & Order dated March 22, 2019.)

5. Parents did not enroll the Student in the 45-day day interim alternative educational placement. (See District Motion to Dismiss; Parents Amended DPCN.)

6. Parents filed a complaint in the U.S. District Court for the Central District of Illinois, Case No. 19 C 2195 seeking judicial review of IHO Strusz's Final Determination & Order. That complaint remains pending and undetermined. (See District Motion to Dismiss.)

7. Allegations 3 through 7 of Parents' Due Process Complaint Notice directly challenge the Student's educational placement. Said placement was determined as a result of IHO Strusz's expedited hearing and Final Determination & Order. (See Parents' DPCN.)

8.  Allegation 2 of Parents' DPCN takes issue with the District's failure to re-assess the Student. However, the Student is not enrolled in an educational placement in order to be re-assessed due to Parents' disagreement with IHO Strusz's Order, currently on appeal to the U.S. District Court. (See Parents' DPCN; District Motion to Dismiss; discussion with counsel on February 27, 2020.)

9.  Allegation 1 of Parents' DPCN alleges that the October 30, 2019 IEP was pre-determined. However, the IEP was controlled by IHO Strusz's prior Order with which Parents disagree. (See District Motion to Dismiss; discussion with counsel on February 27, 2020.)

10. Allegation 8 alleges violations of IDEA and Section 504 of the Rehabilitation Act when the Student was improperly removed from school. Again, the Student's placement, characterized by Parents as a "removal" was a result of IHO Strusz's Final Determination & Order in the expedited hearing matter. (See Parents' DPCN; discussion with counsel on February 27, 2020.)

11. The identified issue was Parents challenge to the Student's placement determination per the March 22, 2019 Final Determination & Order. This is based upon extensive discussions with both parties at the February 27, 2020 Prehearing/Status Conference.

12. At the conclusion of the February 27, 2020 Prehearing/Status Conference, at counsel's request, Parents were permitted to Amend the DPCN to confine it to the issue of placement in order to allow this IHO to dismiss the complaint with prejudice and allow Parents to proceed to federal District

Court to seek injunctive relief. (Discussion with counsel on February 27, 2020.)

13. Parent's Amended DPCN adds many pages of factual background, restates the allegations of the original DPCN and adds a request for damages under Section 504 based upon discrimination and retaliation claims. (See Parents' Amended DPCN.)

14. After careful review of the Parents' original and Amended Due Process Complaint Notices, it is the finding of this Hearing Officer that Parents ultimately seek to attack the placement determination in IHO Strusz's Final Determination & Order of March 22, 2019.

## CONCLUSIONS OF LAW

Based upon extensive discussions with counsel for both parties at the February 27, 2020 Prehearing/Status Conference, the pleadings and exhibits of both parties, the arguments of District counsel and Parents' counsel, as well as this Hearing Officer's own legal research, the Conclusions of Law of this Hearing Officer are as follows:

At the outset, it is the understanding of this Hearing Officer that she does not have jurisdiction to adjudicate pursuant to Section 504 of the Rehabilitation Act, including those for discrimination and retaliation. Neither party has provided any statutory or case law to indicate otherwise. While some states vest IDEA hearing officers with the jurisdiction to adjudicate both IDEA and Section 504 claims, Illinois is not one of those states. Therefore, Parents' request for adjudication of discrimination and retaliation claims and relief in the form of monetary damages is hereby dismissed, with prejudice, for lack of this IHO's jurisdiction to adjudicate same.

Pursuant to the IDEA, this IHO lacks jurisdiction to re-visit or overturn a decision of another hearing officer which is what it appears Parents are attempting to do in both their original and Amended DPCNs. After careful review of the Amended DPCN and extensive discussions with counsel for both parties at the February 27, 2020 Prehearing/Status Conference, this Hearing Officer finds that Parents are ultimately seeking to side step IHO Strusz's Final Determination & Order of March 22, 2019, avoid the 45-day interim alternative educational placement, and have this IHO decide anew what an appropriate placement and IEP reasonably calculated to enable the Student to receive an educational benefit would look like. This IHO does not possess the requisite jurisdiction to make this determination. Neither party has presented this IHO with any statutory or case law which would indicate otherwise.

Parents' disagreement with IHO Strusz's determination is currently before the U.S. District Court for the Central District of Illinois. This IHO has no jurisdiction to usurp that of the federal District Courts. If Parents seek immediate relief from IHO Strusz's determination, they are entitled to petition the federal District Court for preliminary injunctive relief from that decision. However, this IHO lacks jurisdiction to award any such relief. Therefore, Parents' Amended DPCN is dismissed with prejudice as all of the allegations contained therein present an attempt to collaterally attack the decision of IHO Strusz over which this IHO lacks jurisdiction.

As an additional matter, the District's Motion to Dismiss seeks a finding by this IHO that Parents have unreasonably, vexatiously, and without foundation, multiplied these proceedings so as to needlessly cause the School District to incur excess costs, expenses and attorney's fees. This Hearing Officer advised both parties, via email on March 10, 2020 that she believed she lacked jurisdiction with respect to this request and

would therefor not consider it nor would she entertain a brief by Parents' counsel related to same. Again, neither party presented any statutory or case law to this IHO indicating that she was mistaken in her understanding of the law and her lack of jurisdiction.

Accordingly, the District's Motion to Dismiss the Amended DPCN with prejudice is hereby granted.

## ORDER

Based upon the above Findings of Fact and Conclusions of Law, the District's Motion to Dismiss with prejudice is granted for the following reasons:

1.) This Hearing Officer lacks jurisdiction to adjudicate claims raised pursuant to Section 504 of the Rehabilitation Act.

2.) This Hearing Officer lacks jurisdiction to re-visit or overturn the decision of another hearing officer or to adjudicate claims that are currently pending on appeal to the federal District Court including the challenge to IHO Strusz's placement determination.

3.) This Hearing Officer lacks jurisdiction to enter a finding that Parents have unreasonably, vexatiously, and without foundation, multiplied these proceedings so as to needlessly cause the School District to incur excess costs, expenses and attorney's fees

Accordingly, the matter is hereby dismissed with prejudice.

## NOTICE OF RIGHT TO REQUEST CLARIFICATION

Pursuant to 105 ILSC 5/14-8.02a(h), either party may request clarification of this decision by submitting a written request to the Hearing Officer within five (5) days of

receipt of the decision. The request for clarification must specify the portions of the decision for which clarification is sought. A copy of the request must be mailed to all other parties and the Illinois State Board of Education, Program Compliance Division, 100 North First Street, Springfield, IL 62777. The right to request clarification does not permit a party to request reconsideration of the decision itself and the Hearing Officer is not authorized to entertain a request for reconsideration.

## **NOTICE OF RIGHT TO APPEAL**

This is the final administrative decision in this matter. Pursuant to 105 ILCS 5/14-8.02a(i), any party aggrieved by this Hearing Officer Determination may bring a civil action in any state court of competent jurisdiction or in a District Court of the United States without regard to the amount in controversy within one hundred and twenty (120) days from the date the decision is issued to the party.

Dated: April 6, 2020                    /s/:   Janet K. Maxwell-Wickett
                                        Janet K. Maxwell-Wickett, Hearing Officer
                                        350 S. Northwest Highway, Suite 300
                                        Park Ridge, IL  60068
                                        Phone: (847) 430-3789
                                        Fax: (847) 305-5897
                                        Email: janet@maxwellwickettlaw.com